(No. 77-CC-0678– )

ROBERT C. BOHNE and ELEANOR G. BOHNE, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1979.*

BLOCK, LEVY & BLOCK (ALAN W. BLOCK, of counsel), for Claimant.

WILLIAM J. SCOTT, Attorney General (CARL KLEIN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

In this case, complainant seeks to recover damages sustained by him as a result of Respondent's alleged violation of statute. The statute involved is Ill. Rev. Stat., ch. 121, par. 4—508(c).

The facts giving rise to the complaint are as follows:

Faced with a condemnation suit, Claimants sold part of their horse farm to the State in 1962 for $27,780.00. The State never used the land for the purpose intended. In 1972 the State offered it back to the Claimants for $92,000.00. The offer was accepted, but the transaction not completed because the necessary legislative action was not forthcoming. Subsequently, in 1973, at the request of the legislature, a reappraisal was made at $105,600.00. Claimants accepted the reappraisal and the legislature still refused to act.

On January 5, 1977, the property was sold at public sale to a third person for $132,000.00.

Ill. Rev. Stat., ch. 121, par. 4—508(c) provides as follows:

"(c) If at the time any residential property previously determined by the Department to be needed for highway purposes is declared no longer needed for such purposes, and the person from whom such property was acquired resides in a dwelling on such property and has resided there since the acquisition by the Department, the Department before making any disposition of that property shall first offer in writing that property to the party residing thereon at the then fair appraised value of the property. If the offer is not accepted in writing within 60 days of the date of the written offer, all rights under this paragraph shall terminate."

The tract purchased contained 5.556 acres. This tract was used as farm land and did not contain a residence. From the time it was purchased the property was never used for its intended purpose, and in 1971, it was declared surplus by the Department of Transportation with a recommendation it be sold. The Attorney General advised in his opinion that the property could be

sold under section 4—508(a) (Ill. Rev. Stat. 1977, ch. 121, par. 4—508(a)). This subsection provides for sale at auction or by sealed bids at a price not less than its appraised value.

The dispute centers around whether or not this tract was residential and resided on by Claimant. If so, then section 4—508(c) comes into play. In such case, the property would have to be offered first to Claimant.

At all times relevant to this matter, Claimant owned the property adjacent and contiguous to the tract purchased by the State. The two parcels contained approximately ten-plus acres. The tract taken by the State had a barn on it and the remaining portion of the ten acres contained Claimant's dwelling. Claimant argues that the entire ten acres constituted residential property on which the Claimant resided. The entire ten acres had been operated as a single-unit horse farm, completely fenced.

While there undoubtedly is a limit to what might be considered residential property on which a person is said to reside, we are of the opinion that in this case the facts indicate that the tract taken by the State did constitute a part of the residential property of Claimant. They took approximately one-half of Claimant's property. Taking one-half of a ten-acre tract is much different from a case where five acres are taken from a much larger tract.

We award Claimant $26,400.00, being the difference between the last offer which was accepted by Claimant, and the actual sales price.